IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60119
Summary Calendar
_____

PETRE APOSTOL,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A72 021 308 )
_____
October 7, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petre Apostol, a Romanian national and citizen, appeals the decision of the Board

of Immigration Appeals (BIA) denying him political asylum and withholding of

deportation. Substantial evidence supports the findings of the Immigration Judge as

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adopted by the BIA. Thus, the denial of Apostol's asylum application was not an abuse of discretion, and we affirm.

In order to be eligible for asylum, an alien must establish that he is a "refugee" within the meaning of the Immigration and Nationality Act.. This requires a showing that the alien is unwilling or unable to return to his country because of persecution, or a well-founded fear of persecution, on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A) (1999).

We review the factual findings of the BIA for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In asylum cases, we will reverse only when the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id.

Apostol first argues that he shouldered his burden of establishing past persecution based on his political opinion. In 1984, Apostol planned to flee Romania. He was detained for three days, interrogated by government officials for no more than two hours each day, and threatened but not physically mistreated. In 1990, Apostol observed a clash between miners and pro-democracy demonstrators. While attempting to escape the ruckus, Apostol fell and broke his leg. The police took him into custody, held him for about four hours, questioned him for one hour, and then released him. He was not given medical treatment during his detention. We concur with the BIA that these allegations do not rise to the level of past persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.

2

2000) (holding that threats are not normally sufficient to constitute persecution). We also note that Apostol's testimony does not compel the conclusion that the actions of the government were taken because of his political opinion; in the first instance, he was attempting to illegally exit Romania and in the second instance he was questioned about looting that occurred during the miner's riot.

Apostol next argues that the BIA erred by finding he failed to establish a well-founded fear of persecution if deported to Romania. The Immigration Judge found that Apostol's belief that Romania is still the kind of state in which he might be persecuted for his political opinion was not supported by his testimony or any documentation in the record. We agree that Apostol has not met his burden of demonstrating a reasonable possibility that he will be persecuted if he returns to Romania. Cf. Roman v. INS, 233 F.3d 1027, 1035-36 (7th Cir. 2000); Tamas-Mercea v. Reno, 222 F.3d 417, 427 (7th Cir. 2000) (both holding that an alien had not demonstrated a well-founded fear of persecution in Romania because of the changed conditions in that country).

Finally, Apostol contends the BIA erred by failing to give sufficient weight to evidence presented by him. The evidence presented by Apostol does not compel the conclusion that he was persecuted in the past or has a well-founded fear of persecution if he is deported to Romania. The Immigration Judge's decision, as adopted by the BIA, was well-reasoned and supported by substantial evidence. Accordingly, we affirm the judgment of the BIA.

AFFIRMED.